**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JULIUS HACKNEY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-08-0163-HE |
| ) | |
| POTTAWATOMIE COUNTY PUBLIC ) | |
| SAFETY CENTER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Julius Hackney filed suit against defendant Pottawatomie County Public Safety Center alleging violations of his constitutional rights in connection with injuries to his finger. His finger was fractured by a cell door closing on it while plaintiff was detained in the jail. Plaintiff asserts defendant was indifferent to his medical needs. He also asserts negligence claims against defendant based on the actions of its employees. Defendant has moved for summary judgment as to all claims.

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Unsupported conclusory allegations [ ] do not create a genuine issue of fact." L&M Enterprises, Inc. v. BEI Sensors & Systems Co., 231 F.3d 1284, 1287 (10th Cir. 2000). The evidence and any reasonable inferences that might be drawn from it are viewed in the light most favorable to the nonmoving party. Davidson v. America Online, Inc., 337 F.3d 1179, 1182 (10th Cir. 2003). Having applied the Rule 56 standard to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is

so one-sided that one party must prevail as a matter of law," Jeffries v. Kansas, 147 F.3d 1220, 1228 (10th Cir. 1998) (internal quotation and citation omitted), the court concludes the defendant's motion should be granted.

## BACKGROUND

The substantially undisputed facts are as follows: On February 20, 2006, plaintiff's cell door was shut on his middle finger by another inmate. Plaintiff's finger was examined by a nurse shortly thereafter. Later that same day, plaintiff received two ibuprofen for pain. The facility's physician's notes indicate that plaintiff was examined by the doctor on February 21. However, plaintiff claims to have not seen the physician until one week after the incident. Plaintiff was scheduled for an x-ray of his finger, provided an Ace wrap, and prescribed regular doses of ibuprofen for the pain, although plaintiff contends that he was unable to take all the medication administered. On February 27, plaintiff was transported to a local health center where an x-ray of his finger revealed a fracture. On March 17, plaintiff was taken to the OU Medical Center for further evaluation of his broken finger by an orthopedic specialist. Follow-up treatment was scheduled with the specialist at the OU Medical Center. However, on March 24, plaintiff was transferred out of the Pottawotomie County facility and into the custody of the Department of Corrections.

## DISCUSSION

Plaintiff's complaint alleges that defendant's deliberate indifference to his medical needs violated his constitutional rights of equal protection, due process, and his right to be free from cruel and unusual punishment. Plaintiff also claims that defendant is liable for

negligence and negligent hiring, supervision, and training for the actions of its employees. Plaintiff has failed to respond to defendant's contention that it is entitled to judgment on the equal protection and due process claims, essentially conceding those claims. The court agrees that plaintiff has failed to put forth evidence of an equal protection or due process claim. No justiciable factual issues exist as to these claims. Further, plaintiff concedes that defendant was not negligent for allowing and/or causing the cell door to shut on his finger and that even if such claims were appropriate, they would be time barred by Oklahoma's Government Tort Claims Act. Thus, summary judgment is appropriate as to the negligence claims as well.

Plaintiff's final allegation is that defendant was deliberately indifferent to his serious medical needs and is therefore liable under 42 U.S.C. § 1983 for violations of his Eight Amendment rights.[1] Officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners 'constitutes the unnecessary and wanton infliction of pain.'" Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "[I]ntentionally denying or delaying access to medical care" constitutes deliberate indifference. Id. at 104-05. A deliberate indifference claim under the Eighth Amendment has "both an objective and a subjective component." Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component is met if the harm suffered is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The purpose of the objective component "is to limit claims to significant, as opposed to trivial, suffering." Mata

---

[1]*Because plaintiff concedes that Pottawotomie County employees were not at fault for his injury, no Eighth Amendment claim arises from the injury itself.*

v. Saiz, 427 F.3d 745, 753 (10th Cir. 2005). The subjective component is met if an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. The standard lies "somewhere between the poles of negligence at the one end and purpose or knowledge at the other" and requires a conscious disregard for a substantial risk of serious harm. *Id.* at 836-839. A failure to provide needed medical care due to simple negligence is not enough to establish "deliberate indifference."

The undisputed facts and other evidence suggest no basis for concluding that defendant was deliberately indifferent to plaintiff's medical needs. Between the time of his injury on February 20, 2006, and his transfer to Department of Corrections control on March 24, 2006, plaintiff acknowledges that he was examined by doctors and nurses on at least six different occasions. Medical records indicate that plaintiff was seen at least nine times by doctors and nurses. Following his accident, the doctor wrapped his injury with an Ace bandage and prescribed the continued use of ibuprofen. X-rays were taken at the local health center, and after examining the x-ray, the doctor recommended that plaintiff be evaluated by an orthopedic specialist. Such treatment was provided when plaintiff was seen at the OU Medical Center. Physician's notes from the OU Medical Center indicate that, while surgery might be necessary, their current plan was to continue treatment of plaintiff with more physical therapy.

Plaintiff argues that summary judgment is inappropriate because, while medical records indicate he was first seen by the facility physician on February 21, he has testified

that the earliest he was seen by the physician is February 27. Plaintiff's recollection, however, is countered by the fact that on February 27, he was taken to the local health center for x-rays pursuant to the doctor's earlier order. Further, plaintiff acknowledges that he was provided the Ace wrap by the doctor and that during the week prior to his x-ray, he would alternately wear or remove his wrap as his discomfort indicated. Plaintiff also contends that the 26 days between his injury and the time he received his orthopedic consultation constitutes deliberate indifference. However, a difference of opinion with medical staff as to the appropriate course of treatment "does not rise to the level of a constitutional violation." Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993). Further, once the Department of Corrections took custody of plaintiff on March 24, defendant did not control his treatment, which ultimately resulted in surgery 17 months later.

The court concludes the evidence is insufficient to create a justiciable factual issue as to plaintiff's claim of deliberate indifference to his medical needs.[2] Accordingly, defendant's summary judgment motion [Doc. #21] is **GRANTED**.

---

[2]*Defendant also argues that plaintiff failed to exhaust his administrative remedies prior to bringing his § 1983 claim. However, defendant provided evidentiary support for this premise only in its reply to plaintiff's response, and plaintiff did not have the opportunity to challenge this evidence in the ordinary course of briefing. Exhaustion is an affirmative defense and defendants have the burden of asserting failure to exhaust. Jones v. Bock, 549 U.S. 199, 216-17 (2007). In these circumstances, and in light of the court's determination that defendant's motion should be granted on the merits, the court declines to resolve the present motion on the basis of exhaustion of remedies.*

**IT IS SO ORDERED.**

Dated this 7th day of April, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE